IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLBROS INTERNATIONAL, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-3854 | |
| § | | |
| HYDRODIVE INTERNATIONAL, § | | |
| LTD., *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendants HydroDive International, Ltd. ("HD"), HydroDive Nigeria, Ltd. ("HD Nigeria"), and David Ross. Following a lengthy opportunity to conduct discovery relevant to the Motion to Dismiss, Plaintiff Willbros International, Inc. ("Willbros") filed a Response [Doc. # 43], Defendants filed a Reply [Doc. # 44], and Plaintiff filed a Sur-Reply [Doc. # 45]. Having reviewed the record and having applied the relevant legal principles, the Court **grants** Defendants' Motion to Dismiss and **dismisses this case without prejudice** for failure to obtain proper service of process.

### **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Willbros is a Panamanian company with its principal place of business in Panama City, Panama. HydroDive is a company organized under the laws of and with its principal place of business in the British Virgin Islands. HydroDive Nigeria is a

Nigerian company with its principal place of business in Lagos, Nigeria. David Ross is a citizen of the United States who is a resident of Nigeria.

Plaintiff filed this lawsuit against Defendants on November 15, 2007, alleging "Participation in Breach of Fiduciary Duty" and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] On that same day, Plaintiff served Ross – individually and as the corporate representative of HD and HD Nigeria – during his deposition in Houston in connection with *HydroDive International Ltd. v. Horizon Offshore Contractors, Inc.* (the "*Horizon* Lawsuit"), an unrelated lawsuit pending in state court in Harris County, Texas.

Defendants moved to dismiss this lawsuit, in part pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[2] Defendants argued that service on Ross during his deposition was improper and ineffective because Ross enjoyed immunity from service. Plaintiff argued that there is no service of process immunity and, even if Ross were immune from service during his deposition, he waived that immunity. The Motion to Dismiss has been fully briefed and is ripe for decision.

---

[1] Plaintiff filed an Amended Complaint [Doc. # 42] on July 16, 2008, asserting the same causes of action against the same Defendants.

[2] Defendants also moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule 9(b) for failure to plead the RICO claims with adequate particularity. Because there has been no proper service on Defendants in this case, the Court will not address these other asserted bases for dismissal.

**II.     ANALYSIS**

A Motion to Dismiss pursuant to Rule 12(b)(5) challenges the sufficiency of the service of process on Defendants. Plaintiff, as the party making service in this case, has the burden of showing that the service was valid. *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Generally, proper service of process "is accomplished through a method authorized by Rule 4 of the Federal Rules of Civil Procedure." *See, e.g., T.R. Hoover Comm. Dev. Corp. v. City of Dallas*, 2008 WL 2604818, *1 (N.D. Tex. July 2, 2008). In this case, however, Defendants do not argue that Plaintiff failed to comply with the requirements of Rule 4. Instead, Defendants argue that Ross was immune from service of process during his deposition in the *Horizon* Lawsuit.

**A.     Process Immunity**

As a general rule, while attending a court-ordered judicial proceeding in one jurisdiction, a witness or party from another jurisdiction is immune from service of civil process in another, unrelated lawsuit.[3] *See Stewart v. Ramsay*, 242 U.S. 128, 130 (1916); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1460 (10th Cir. 1995); *Celanese Corp. v. Duplan Corp.*, 502 F.2d 188, 189 (4th Cir. 1974). This process

---

[3]     Plaintiff argues that the rule should not apply when, as here, the person served is the plaintiff in the unrelated lawsuit, but cites no legal authority to support that argument.

immunity is a procedural rule for which federal law applies. *See ARW*, 45 F.3d at 1460; *Fun-Damental Too, Ltd. v. Hwung*, 1997 WL 289712, *2 n.1 (S.D.N.Y. May 30, 1997).

In this case, there is no dispute that Ross was served while in Houston attending a court-ordered deposition in an unrelated lawsuit. As a result, Ross was immune from service and Plaintiff's attempt to serve him during the deposition was ineffective.

**B.     Waiver**

Plaintiff argues that Ross waived any process immunity by engaging in personal business while in Houston for his deposition.[4] Specifically, while in Houston, Ross allegedly made telephone calls and reviewed emails, consummated by telephone and email the purchase of a boat in Florida, purchased jewelry, purchased a computer, and purchased a wireless telephone card. After his deposition in the *Horizon* Lawsuit was completed, and after he had been served by Plaintiff with process in this case, Ross went to LaVaca County, Texas, to visit his siblings.

This waiver argument is not widely recognized. In those few courts that have held that process immunity can be waived, waiver occurs if, while he is in the

---

[4]     In support of this argument, Plaintiff relies primarily on *Uniroyal, Inc. v. Sperberg*, 63 F.R.D. 55 (S.D.N.Y. 1973). In *Uniroyal*, the person served was in the jurisdiction to work with his attorney on answers to interrogatories. The New York court held primarily that process immunity did not apply because the individual's presence in the jurisdiction was not in connection with a court-ordered proceeding.

jurisdiction in which he is served, the person claiming process immunity engages in activities unrelated to the litigation for which he is present in the jurisdiction. *See Fun-Damental*, 1997 WL 289712 at *2; *Uniroyal, Inc. v. Sperberg*, 63 F.R.D. 55, 58 (S.D.N.Y. 1973); *Dillingham v. Anderson*, 126 F. Supp. 221, 224 (D. Haw. 1954). The focus is not on whether the person claiming immunity engaged in other activities, but "the degree and proportion of the activity." *See Fun-Damental*, 1997 WL 289712 at *2 (citing *Dillingham*, 126 F. Supp. at 124). "The immunity is not considered waived if the unrelated business dealings are of a mere casual and unforeseen nature or are trivial and insubstantial." *See id.* (internal quotations and citation omitted).

Assuming without deciding that process immunity is subject to waiver, Ross's activities while in Houston[5] were not sufficient to waive immunity from service of process. The uncontroverted evidence is that he came to Houston only because he was compelled by a state court judge in Harris County, Texas, to appear for his deposition in connection with the *Horizon* Lawsuit. There is no evidence that Ross came to Houston intending to make the incidental purchases he made. Making telephone calls and reviewing emails does not waive process immunity; a person compelled to come to Houston for a deposition in an unrelated lawsuit cannot reasonably be expected to

---

[5] The Court does not consider Ross's later visit with his siblings in LaVaca County, Texas, because this occurred after he had been served and had left Houston. Even if the Court were to consider this family visit, it would not waive Ross's process immunity.

remain incommunicado for the duration of his two-day deposition.  The consummation by telephone and email of the boat purchase in a state other than Texas also is insufficient to operate as a waiver.  These casual and trivial activities while in Houston for a court-ordered deposition did not waive Ross's process immunity.[6]

### III.  CONCLUSION AND ORDER

Plaintiff has failed to demonstrate that its service of process on Ross during his deposition was proper and effective as to any of the three Defendants.  As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 11] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this **5th** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge

---

[6]  Based on the circumstances presented, the Court need not and does not decide that immunity from process can be waived.